JAMES RILEY v. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

Stock Killing: RAILROADS: *Instructions.* An instruction to the jury, in an action against a railway company for the killing of a horse to find for the defendant if the animal was struck upon the highway crossing, and not within the right of way, and his death was not due to the defendant's failure to maintain a safe and sufficient cattle guard at the place where the accident occurred, is properly given when the testimony shows that the cattle guard was not out of repair, and the evidence is conflicting as to the exact point where the horse was struck.

DAMAGES: *Proximate cause.* Where a horse had crossed a defective cattle guard on the right of way of a railroad, and, after crossing onto the highway, was killed, the defective cattle guard will be held to be the proximate cause of the injury, where the immediate

cause of the horse being on the highway was the defective cattle guard.

**Appeal:** REVIEW OF VERDICT: *Damages.* The damages awarded against a railroad company for the killing of a horse will not be 3 adjudged excessive when the evidence as to the animal's value is conflicting, some witnesses placing it above and some below the amount for which judgment was rendered.

*Appeal from Allamakee District Court.*—Hon. A. N. Hobson, Judge.

SATURDAY, DECEMBER 18, 1897.

ACTION at law to recover the value of a horse, killed by a locomotive engine of the defendant. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*H. H. Field* and *J. C. Cook* for appellant.

*F. S. Burling* for appellee.

ROBINSON, J.—I.    The horse in question passed from a highway, over a cattle guard, into the right of way of the defendant. An east-bound train approached a short time thereafter. The horse attempted to leave the right of way for the highway, and was struck by the engine and killed. The evidence for the plaintiff tended to show that the cattle guard was out of repair and in bad condition; that the horse was enabled to cross it for that reason; and that he was on the cattle guard, or west of it on the right of way, when he was struck by the engine. The evidence for the defendant tends to show that he had re-crossed the cattle guard, and was struck east of it, in the highway. The defendant asked the court to instruct the jury as follows: "The jury are instructed that, if you find the horse was struck on the highway crossing, then your verdict must be for the defendant, as there is no negligence claimed in

regard to the operation of the train, or of the employes in charge thereof." The court refused to give that instruction, but charged the jury as follows: "(5) If you find by a preponderance of the evidence that the defendant had the right, and that it was its duty, to construct a good and sufficient and safe cattle guard at the place where the injury is said to have occurred, and you find that the injury occurred without the plaintiff's fault, and on account of the failure of the defendant to make or maintain such good, sufficient, and safe cattle guard, and that the plaintiff has sustained damage on account of such neglect and failure, then your verdict will be for the plaintiff; and, if you do not so find, then your verdict will be for the defendant. (6) If you find from the evidence that the horse in question was struck upon the highway crossing, and not within the right of way, and that he was killed without any neglect or failure of the defendant in making or maintaining a good, sufficient, and safe cattle guard at or near the place where the injury occurred, then your verdict should be for the defendant, as there is no neglect charged in regard to the operation of the train or the employes thereof." The appellant complains of the refusal of the court to give the instruction asked, and of the giving of the sixth paragraph of the charge. It will be observed that the paragraph objected to includes the instruction refused, with some modifications. We think the two paragraphs of the charge we have set out were correct and not misleading, as applied to the facts in the case. The appellant claims that if the horse had re-crossed the cattle guard, and was killed in the highway, the defective condition of the cattle guard could not have been the proximate cause of the injury. We do not think that is necessarily true. If the horse was in the highway when killed, but the immediate cause of his being there was the defective condition of the cattle guard, the defendant would be liable. Its liability did

not depend upon its ability to anticipate with certainty the movements of the horse, which led to the accident. See *Ward v. Railroad Co.*, 97 Iowa, 50.

It is claimed that the amount of the plaintiff's recovery is excessive. There was a conflict in the evidence, some of the witnesses placing the value of the horse above, and others below that which the jury found it to be. We cannot say that the amount of the recovery fixed by the verdict, and for which judgment was rendered, was excessive. No ground for disturbing the verdict is shown, and it is AFFIRMED.